looked and saw the car about half a block away. As he started to cross after the passing of the fire engine he again looked and saw the car about sixty feet away. He took a few additional steps and was struck.

*Ambrose Clogher* and *Roger B. Hull* for appellant.

*Theodore H. Lord* and *Thomas F. Franklin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

BERTHA FIDELMAN, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

*Negligence — railroads — injury to passenger leaving subway car through stepping into space between car and platform — failure to provide guard to regulate crowd.*

*Fidelman* v. *New York R. T. Corp.*, 219 App. Div. 839, affirmed. (Argued October 12, 1927; decided October 28, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 26, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, a passenger on one of defendant's West End line subway cars in the borough of Brooklyn, attempted to leave at the Ninth avenue station. She testified that the car was crowded and that when the doors were opened she was carried forward with the crowd until her foot sunk in a space between the car and platform causing her to fall; that other passengers fell and walked over her and she received the injuries complained of; that there was no guard or conductor on the car or platform to regulate the crowd.

*George D. Yeomans* and *Harold L. Warner* for appellant.
*Isidor Wels* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

ALICE T. S. DAMON, Respondent, *v.* CLAUDE H. DAMON, Appellant.

*Husband and wife — divorce — sufficiency of evidence to sustain finding of adultery.*

*Damon* v. *Damon*, 217 App. Div. 734, affirmed.

(Argued October 13, 1927; decided October 28, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 1, 1926, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action for divorce. Appellant contended that the finding of adultery was against the weight of evidence.

*George Gordon Battle* and *Preston B. Handy* for appellant.
*George Lion Cohen* and *Jacob S. Eisinger* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

PAUL A. KAHN, Appellant, *v.* LOUIS IMERSHEIN, Defendant, and GERTY RESNICK, Respondent.

*Pleading — contract — sufficiency of complaint in action for breach of contract to purchase rights in contract for sale of real property — failure to allege tender of performance or facts excusing tender.*

*Kahn* v. *Imershein*, 219 App. Div. 721, affirmed.

(Submitted October 13, 1927; decided October 28, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1927, which affirmed an order of Special Term granting a motion, by defendant, for judgment on the pleadings. The action was to recover for breach of a written contract whereby defend-